**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

---

| | |
|---|---|
| In re:  Douglas Diano and<br>         Jennifer Diano,<br>              Debtors | BK No. 19-10641<br>Chapter 7 |

---

| | |
|---|---|
| Cristoline Company, Inc., and<br>Virginia Diano,<br>     Plaintiffs<br>v.<br>Douglas Diano,<br>     Defendant | A.P. No. 19-01032 |

---

## DECISION AND ORDER ON MOTION TO DISMISS

**I.    Introduction**

The Plaintiffs Cristoline Company, Inc. ("Cristoline") and Virginia Diano ("Ms. Diano") (together "Plaintiffs") brought this adversary proceeding against debtor Douglas Diano ("Defendant") alleging that their various claims against him arising under state and federal law are non-dischargeable under Bankruptcy Code § 523(a)(2)(A), (a)(4), and (a)(6). *See* Complaint (Doc. #1).[1] The Defendant moves to dismiss this proceeding or, in the alternative, to dismiss several of the underlying claims of liability. *See* Defendant's Motion to Dismiss Complaint ("Motion," Doc. #7). The Plaintiffs timely objected to the Motion. *See* Plaintiffs' Objection (Doc. #8). These initial filings were supplemented by the Plaintiffs' Supplemental Objection (Doc. #22) and the Defendant's Supplemental Brief (Doc. #26). For the reasons explained below, the Court grants the Motion in part, denies it in part, and grants the Plaintiffs leave to amend their Complaint in accordance with this ruling within 45 days from the date of this Decision and Order.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code, "Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*.

1

## II. Jurisdiction

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## III. Federal Rule of Civil Procedure 12

The Defendant's Motion was filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b).[2] First, he moves to dismiss this adversary proceeding under Rule 12(b)(1) for lack of subject matter jurisdiction, asserting that the Plaintiffs lack standing to bring the claims and the claims themselves are speculative and not ripe for adjudication. *See* Motion at 3-4.

To establish standing, "a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (internal quotations omitted). Ripeness "could be seen as [a] time dimension[] of standing," asking whether an otherwise adequate injury "that has not yet happened is sufficiently likely to happen." *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 69 (1st Cir. 2003). A ripeness analysis assesses whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Id.* at 70 (1st Cir. 2003) (quoting *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972)). The standing doctrine seeks to prevent federal courts from involving themselves in "conjectural or hypothetical injuries." *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017). Within this framework the ripeness doctrine seeks to prevent courts from "premature adjudication" and/or "abstract disagreements." *Labor*

---

[2] Rule 12 is made applicable to adversary proceedings in bankruptcy by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

2

*Relations Div. of Constr. Indus. of Massachusetts, Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016).

Second, the Defendant presses for dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted, arguing that the factual allegations in the Complaint fail to "set forth a cognizable legal theory for many of its causes of action." *See* Motion at 3. When considering a motion to dismiss under Rule 12(b)(6), the Court must accept the well-pleaded facts of the Complaint as true, but the Court need not accept as true any allegations that are no more than "labels or conclusions" or "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face," rather than merely conceivable. *Twombly*, 550 U.S. at 570. As the Supreme Court explained in *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

556 U.S. at 678 (citations omitted).

Additional legal standards come into play here and will be discussed in the context of the Defendant's claim-specific arguments for dismissal.

**IV.    Facts Alleged in the Complaint**

The following facts are alleged by the Plaintiffs in the Complaint and, consistent with the *Twombly* standards, are accepted by the Court as true only for the purpose of considering the Motion. In 1987, Ms. Diano, the Defendant's mother, founded Cristoline, a company that provided marketing and assistance with fundraising campaigns for schools, sports teams, youth groups, and others throughout New England and parts of New York. Such fundraising activities include selling wrapping paper, magazines, desserts, candles, gifts, and other items. Ms. Diano was the president of Cristoline, and the Defendant, who had a degree in marketing, became Cristoline's vice president and regional sales manager. The Defendant worked for Cristoline for 25 years, frequently traveling on sales trips, as well as being heavily involved with product development for Cristoline, which produced its own product catalogs.

Cherry Bros., LLC, doing business as Cherrydale Fundraising ("Cherrydale"), was a Pennsylvania company also engaged in the fundraising business. In April of 2017, Cherrydale offered to acquire Cristoline's customer base for $200,000. Also in that month, Cherrydale entered into a separate agreement with the Defendant under which he would provide it with Cristoline's confidential customer list and other proprietary information and book new customers for Cherrydale. On or about May 3, 2017, the Defendant requested a $60,000 signing bonus from Cherrydale, which then wired that sum to his personal account. On May 5, 2017, the Defendant and Cherrydale's chairman, Ross Cherry, further agreed to use part of Cherrydale's $200,000 purchase price due to Cristoline to pay "obligations affecting ongoing business." In addition to the $60,000 signing bonus, Cherrydale made payments of $20,000 and $55,000 to the Defendant's personal account. Cherrydale never paid Cristoline for its customer list or proprietary information. The Defendant left Cristoline's employ on May 31, 2017 and became a

Cherrydale employee the next day. In June of 2017, Cherrydale began selling Cristoline products to former customers of Cristoline.

Cristoline maintained certain confidential trade secrets, including: (1) information about its products and market analyses; (2) data on current and prospective customers and specific customer needs; (3) information about sales strategies and sales force assignments, employees' skills, performance, territories, compensation, and sales compensation plan; and (4) overall market analyses, including marketing routes, pricing, product positioning, competitive analysis, and segmentation and mapping of needs for specific target markets.

In addition, Cristoline had dedicated significant resources to develop and protect its trade secrets, including time, money, and effort to develop and pinpoint customers and potential contacts whose identities and needs were not well-known or readily ascertainable in the marketplace. Specifically, Cristoline developed customer lists, contact information, pricing information, and information about existing and prospective clients' needs. This information, and its confidentiality, gave Cristoline a significant business advantage by lowering its cost of customer acquisitions as compared to its competitors' costs. This proprietary information was a valuable component of Cristoline's business success. As such, Cristoline made substantial efforts to preserve and maintain the confidentiality of the information, storing it in non-public, secured databases. Only employees who had a need to access the information had such access.

For purposes of his employment with Cristoline, the Defendant was given secure access to all of this confidential and proprietary information. The Defendant knowingly and intentionally misappropriated Cristoline's trade secrets and disclosed it to Cherrydale, including through the use of mail, wires, and other electronic means, and Cherrydale used the information

to develop its own business in competition with Cristoline. As a result, Cristoline was damaged by these actions in an amount estimated to be no less than $500,000.

The Plaintiffs seek to establish that the Defendant is liable to them on eleven different state and federal law claims, titled in the Complaint as follows: trade secret misappropriation under 18 U.S.C. § 1836; violation of the Rhode Island Trade Secrets Act; usurpation of corporate opportunity; breach of fiduciary duty; constructive fraud; common law misappropriation; tortious interference with business relationships; tortious interference with prospective business relationships; civil conspiracy; violation of the Racketeer Influenced and Corrupt Organizations Act; and violation of the Computer Fraud and Abuse Act. These claims, they contend, are not dischargeable by virtue of Bankruptcy Code § 523(a)(2)(A) (false pretenses, false representation, or actual fraud), § 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity), and § 523(a)(6) (willful and malicious injury).

## V. Discussion

The Court now turns to the several grounds the Defendant raises in support of the dismissal of the Complaint in whole or in part.[3]

### A. Subject matter jurisdiction

Frankly, the Defendant's contention that the Complaint must be dismissed for lack of subject matter jurisdiction is difficult to follow. The gist of his arguments appears to be that Plaintiff Virginia Diano previously filed a Chapter 7 bankruptcy case in 2017 in which she scheduled the value of a business dispute with the Defendant as "unknown," despite the fact that the events underlying the Plaintiffs' claims in this adversary proceeding occurred well before her

---

[3] Although the Defendant did not fully comply with the Court's order to further address four of his grounds for dismissal in his Supplemental Brief, *see* Order (Doc. #19), after conducting its own research and in the interest of justice, the Court concludes that it is appropriate to address those arguments substantively, as detailed herein.

6

bankruptcy filing. She could, or should have been able to, quantify such claims at that time but intentionally failed to do so to make the claims appear speculative. Because the Plaintiffs now, for the first time, assign a value to the claims of at least $500,000, the Defendant asserts, they have "failed to plead sufficient facts which would meet the standing requirement for a concrete injury and/or which would meet the ripeness requirement that the alleged [harm] ever came to pass." *See* Motion at 4. Consequently, the Defendant argues, the complaint should be dismissed in its entirety.

The Plaintiffs counter that they have pleaded "an actionable complaint" against the Defendant, having described his alleged actions in detail, cited the statutory and common law he has violated, and estimated his resultant liability to them to be at least $500,000. *See* Plaintiffs' Objection at 1-2.

The Court concludes that there is no lack of subject matter jurisdiction here that dooms the Complaint. The Defendant conflates the veracity of the estimation of the claims in the Complaint with a lack of a concrete injury and speculative damages merely because previously Ms. Diano had scheduled her claims against him with an "unknown value." As pled in the Complaint, the Plaintiffs have adequately alleged an actual injury and substantial damages caused by the Defendant's alleged wrongful and intentional conduct that renders them non-dischargeable under § 523(a) of the Bankruptcy Code. The allegations, if proven at trial, establish an injury that may be redressed by a favorable decision in this proceeding. The veracity of the Plaintiffs' allegations of injury and the amount of damages sustained is a matter for determination at trial, not on a dismissal motion under Rule 12(b)(6).

The Court's analysis above applies equally to the Defendant's challenge on the grounds that the Plaintiffs' claims are not ripe for adjudication. As he points out, the alleged events

underlying the claims took place several years ago, so the controversy between the parties yields an alleged injury that, if proven, is not too remote and reasonably calculable.

In short, the factual allegations set forth in the Complaint, accepted as true for purposes of ruling on the Motion, establish subject matter jurisdiction of the Court and standing of the Plaintiff Cristoline to bring this action. (Ms. Diano's claims are another story and will be addressed later). The Motion to dismiss this proceeding in its entirety for lack of subject matter jurisdiction is denied.[4]

B. Judicial estoppel

The Defendant also relies upon the manner in which Ms. Diano scheduled the value of her claims against him in her bankruptcy case to support his argument that the Plaintiffs are "judicially estopped from now asserting, in the same forum, a position wholly inconsistent" with that earlier valuation. The Defendant argues that by scheduling the value of the claims as "unknown," Ms. Diano signaled to the case trustee "that the claim could not be particularized and valued," and by implication was not worth pursuing. *See* Motion at 5. The Plaintiffs maintain that there is nothing inconsistent about their valuation of the claims in the Complaint and the way Ms. Diano listed them on her schedules in her prior bankruptcy case. They explain that "[t]he fact that the trustee did not pursue a claim against Douglas Diano, but abandoned the claim to

---

[4] The Court also asked the parties to brief the issue of abstention under Bankruptcy Code § 305, and appreciates the responses they have submitted. *See* Plaintiffs' Supplemental Objection at 6-7; Defendant's Supplemental Brief at 1-3. The Court has considered the parties' arguments, including the Defendant's reliance on the Court's prior decision in *Ruddick v. Read (In re Read)*, 2015 WL 4178728 (Bankr. D.R.I. July 10, 2015), where the Court abstained from determining the dischargeability of claims of the debtor's former spouse arising from their divorce proceedings. The Court concludes that abstention would not be appropriate here or in the best interests of the parties. True, this dispute involves two family members, but it is not a *family law* dispute. It is a business dispute involving claims under both state and federal law, including bankruptcy-specific claims, all of which this Court is capable of hearing and deciding. As far as the parties have informed the Court, the dispute before the state court was not in an advanced stage and judicial efficiency would not be promoted by this Court abstaining from determining the dischargeability of the Plaintiffs' claims.

8

Ms. Diano, has no bearing on whether she is entitled to bring this action." *See* Plaintiffs' Objection at 2. The Court concurs.

The doctrine of judicial estoppel dictates that "[w]here one succeeds in asserting a certain position in a legal proceeding, one may not assume a contrary position in a subsequent proceeding simply because one's interests have changed." *Guay v. Burack*, 677 F.3d 10, 16 (1st Cir. 2012). A key requirement to application of the doctrine is that "the legal or factual assertion advanced in the earlier judicial proceeding must be 'directly inconsistent' with the assertion made in the current forum." *Howell v. Town of Leyden,* 335 F. Supp. 2d 248, 251 (D. Mass. 2004) (quoting *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004) (stating that the positions must be "mutually exclusive")). The Plaintiffs' alleged damages in this proceeding cannot be said to be "directly inconsistent" with Ms. Diano's scheduling the value of her claims against the Defendant as "unknown" back in 2017. In that bankruptcy case, as in any Chapter 7 case, the trustee was free to, and indeed was under an obligation to, investigate and consider whether to pursue any potential claims held by her. The Court has no reason to believe that the trustee did not do so. Nor does the Defendant allege a failure by the trustee to conduct such assessment of the claims. The trustee's election not to pursue the claims and to abandon them has no bearing on the Plaintiffs' ability to bring this non-discharge proceeding against the Defendant. The Motion seeking dismissal of this proceeding on the grounds of judicial estoppel is denied.

C. <u>Dismissal of Plaintiff Virginia Diano as a party</u>

The Defendant argues that the Plaintiffs do not allege the proceeding to be a derivative action (*see* Rule 23.1), and that Ms. Diano has not stated any cause of action or injury that is independent of those of Cristoline. Hence, she is a not a proper plaintiff here and should be

9

dismissed from the proceeding. *See* Motion at 6. In opposition, the Plaintiffs argue that Ms. Diano "has been injured by the actions of [the Defendant]" and "has plead her own causes of action and entitlements to relief." *See* Plaintiffs' Objection at 2. But the Plaintiffs fail to refer to specific allegations in the Complaint that support these unsupported assertions of independent causes of action and injuries distinct from those sustained by Cristoline. The Court's own review of the Complaint does not reveal any. Although there are factual allegations that mention Ms. Diano and her status and actions as an employee of Cristoline, the Complaint contains no specific factual allegations that Ms. Diano herself was harmed by the Defendant's actions or is entitled to damages in her own right. On these grounds the Motion is granted and Plaintiff Virginia Diano is dismissed from the adversary proceeding. The Plaintiffs, if they so choose, are granted leave to file an amended complaint within 45 days of the date of this ruling to address these deficiencies.

    D.  Trade Secret Misappropriation Claim

The Defendant seeks dismissal of the Plaintiffs' claim for trade secret misappropriation under 18 U.S.C. § 1836 because it "is not properly before this Court for want of venue." In support of his position he cites § 1836(c), which states, "The district courts of the United States shall have original jurisdiction of civil actions brought under this section." *See* Motion at 6. The Plaintiffs respond that: (1) 28 U.S.C. § 1334(b) vests the district courts with original jurisdiction of all proceedings arising under or arising in or related to cases under the Bankruptcy Code; (2) 28 U.S.C. § 157(a) provides that district courts may refer all such proceedings to the bankruptcy court within their districts; (3) Local Rule General 109(a) of the United States District Court for the District of Rhode Island automatically refers all cases arising under the Bankruptcy Code to this Court; and (4) Plaintiffs' trade secret misappropriation claim falls within such bankruptcy

proceedings.

The Plaintiffs are correct. This Court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments." 28 U.S.C. § 157(a). Further, this Court may do so for, among others, "matters concerning the administration of the estate," "determinations as to the dischargeability of particular debts," and "other proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship." 28 U.S.C. § 157(b)(2)(A), (I), and (O). At its core this is a proceeding to determine the non-dischargeability of the Plaintiffs' claims, one of which is a claim under 18 U.S.C. § 1836 for the Defendant's alleged misappropriation of trade secrets. Of necessity, the Court must first determine the Defendant's liability for the claim, and then whether the nature of the claim falls within a non-discharge provision of Code § 523(a). The Motion as to this claim is denied.

E. Constructive Fraud Claim

The Defendant challenges that the Plaintiffs' claim for constructive fraud fails to state a claim upon which relief can be granted because it is not pled with sufficient particularity. *See* Motion at 6. Citing to the standard discussed in *Hayduk v. Lanna*, 775 F.2d 441 (1st Cir. 1985), he highlights that for fraud claims a plaintiff must plead essential facts as to "time, place, content, identity, and result of false misrepresentations. Further, allegations of fraudulent statements require an explanation of why statements are misleading." *See* Motion at 7. In a broad-brush response the Plaintiffs argue that the Defendant's actions "are painstakingly set forth in the Plaintiffs' Complaint" and that "fraud was well plead." *See* Plaintiffs' Objection at 3.

Both parties' briefing on this disputed claim lacks depth and clarity. The Court has, however, carefully reviewed the allegations in the Complaint and the Plaintiffs' claim of

11

constructive fraud and concurs with the Defendant. The claim is not sufficiently pled to satisfy the requirements applicable to fraud claims. *See* Rule 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud."). It is difficult to distinguish this specific claim of constructive fraud from some of the Plaintiffs' other causes of action set forth in the Complaint. The Plaintiffs have not alleged facts specific to this claim or to draw their nexus to the Defendant's conduct to establish the elements of constructive fraud. The parties as well as the Court would benefit from more particular allegations as to this claim and a clearer explanation of its basis in the law. Accordingly, the Motion is granted as to this claim, with leave to file an amended complaint within 45 days of the date of this ruling, if the Plaintiffs so choose.

    F.  <u>Common Law Misappropriation Claim</u>

The Plaintiffs allege that Cristoline "created its designs and products through extensive time, labor, skill and money." The Defendant "used those designs and products in competition with Cristoline, thereby gaining special advantage in that competition," and as a result Cristoline suffered damages. Moreover, they allege that the Defendant "committed this misappropriation knowingly, willfully, deliberately and with malice." *See* Complaint ¶¶ 77-80. In seeking dismissal of this claim, the Defendant argues that Rhode Island General Laws §§ 6-41-1 through 6-41-11, the Rhode Island Uniform Trade Secrets Act ("RIUTSA"), displaces the common law regarding misappropriation of trade secrets. Therefore, the Complaint fails to state a claim upon which relief can be granted and this claim must be dismissed. *See* Motion at 8. The Plaintiffs counter that § 6-41-7 "allows claims for contractual remedies, whether or not based upon misappropriation of a trade secret," and so the Plaintiffs "can maintain their count for common law misappropriation" against the Defendant. *See* Plaintiffs' Supplemental Objection at 12.

Although the RIUTSA "does not affect contractual remedies, whether or not based upon

12

misappropriation of a trade secret," *see* § 6-41-7(b)(1), the above-recounted allegations make clear that this claim seeks not a "contractual remedy" but a remedy based on, as the title of the claim suggests, common law misappropriation. Unfortunately for the Plaintiffs, "there is no common law claim under Rhode Island law for misappropriation of trade secrets. Clearly, this is only a statutory cause of action in Rhode Island." *Magnum Defense, Inc. v. Harbour Group Ltd.*, 248 F. Supp. 2d 64, 71 (D.R.I. 2003). Therefore, the Motion as to the common law misappropriation claim is granted.

### G. Tortious Interference with Business Relationships Claim

The Defendant seeks dismissal of the Plaintiffs' tortious interference with business relationships claim on the grounds that it fails to state a claim on which relief can be granted. He reasons that because the Plaintiffs have not "alleged that there existed a contract between Cristoline Company, Inc. and Cherrydale or the Defendant," this count cannot survive dismissal. *See* Motion at 8. But as the Plaintiffs point out in their Objection, this argument misses the mark. The claim is that the Defendant interfered with Cristoline's business relationships with third parties, and the Plaintiffs allege the Defendant interfered "with valid, enforceable contracts between Cristoline *and others*." *See* Complaint ¶ 81 (emphasis added). The claim as pled adequately states a claim for relief. As such, the Motion is denied as to this claim.

### H. Civil Conspiracy Claim

The essence of the Defendant's challenge to the Plaintiffs' civil conspiracy claim is that the claim "is not an independent basis of liability." Rather, the claim as alleged is simply a "means of establishing joint liability for other tortious conduct," and as there is only one defendant in this proceeding, the claim should be dismissed. *See* Motion at 9. The Plaintiffs did not object to this portion of the Motion, and in fact at the January 15, 2020 hearing on the

Motion counsel for the Plaintiffs agreed that this count was not a "separate claim."[5] The Motion as to this claim is granted and the claim is dismissed.

### I. RICO Claim

As to the Plaintiffs' claim under 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. §§ 1962 and 1964, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Defendant argues that it too fails to state a claim on which relief can be granted because there is no private right of action under RICO. *See* Motion at 9. The Plaintiffs contend that in fact RICO does provide a private right of action in favor of any person "injured in his business by reason of" a RICO violation. *See* Plaintiffs' Objection at 4 (citing 18 U.S.C. § 1964(c)).[6] On this claim the Court agrees with the Plaintiffs. It is clear under the statute and the case law that a private cause of action does exist under RICO. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 888-89 (1st Cir. 1997) (discussing the elements of a RICO claim, including under the mail and wire fraud statutes). The Defendant's Motion as to the RICO claim is denied.

### J. Computer Fraud and Abuse Act Claim

Finally, the Defendant attacks the Plaintiffs' computer fraud and abuse act claim under 18 U.S.C. § 1030 as barred by the statute of limitation because this proceeding was not commenced with two years of the acts complained of or the discovery of the damage as required by § 1030(g). *See* Motion at 9. The Plaintiffs point to the tolling provisions of Bankruptcy Code

---

[5] The audio of the hearing is available on the docket of this adversary proceeding via CM/ECF. *See* Doc. #20.

[6] In support of his contention the Defendant cites the Eighth Circuit case of *Wisdom v. First Midwest Bank*, 167 F.3d 402 (8th Cir. 1999). That case does not stand for the proposition that no private right of action exists under RICO, and indeed, the language of the statute expressly provides for such action. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor . . . ."). The dismissal of the RICO claims by the court in the *Wisdom* case, as distinct from claims under federal mail and wire fraud and extortion statutes, was based on the failure of the plaintiff to adequately plead an essential element of a RICO claim.

§ 108(c) in denying that the statute of limitation on the claim has run. This Code provision provides that if such a statute of limitation –

> has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Here, the acts complained of and the discovery of the damage can be dated to April, May, and possibly June of 2017. *See* Complaint ¶¶ 27-39. The Defendant's bankruptcy petition was filed on April 24, 2019, the Complaint was filed on August 29, 2019, and the Defendant did not receive his bankruptcy discharge until September 4, 2019, which is when the stay terminated as to him. Clearly, under 18 U.S.C. § 1030(g), the statute of limitation on this claim had not expired as of the date of the bankruptcy petition and the limitation period was suspended by virtue of Bankruptcy Code § 108(c). The Complaint was timely filed before the termination of the stay and the tolling provisions of the Bankruptcy Code. Consequently, the claim is not time-barred, and the Defendant's Motion on this claim is denied.

### VI. Conclusion

To summarize the Court's ruling: (1) the Motion to dismiss the adversary proceeding for lack of subject matter jurisdiction or under the doctrine of judicial estoppel is denied; (2) the Plaintiff Virginia Diano is dismissed from the proceeding, with leave granted to file an amended complaint within 45 days of the date of this ruling, if the Plaintiffs so elect; (3) the claim of constructive fraud is dismissed, with leave to file an amended complaint within the same 45 day period if Plaintiffs so elect; (4) the claims of common law misappropriation and civil conspiracy are dismissed; and (5) the Defendant's request to dismiss the claims for trade secret misappropriation, tortious interference with business relationships, and RICO and Computer

15

Fraud and Abuse Act violations is denied.

Date: June 11, 2020  By the Court,

_Diane Finkle_
Diane Finkle
U.S. Bankruptcy Judge